UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY CHRIS GARZA,

       Petitioner,

                              CASE NO. 2:17-cv-12143
v.                            HONORABLE ARTHUR J. TARNOW

J. A. TERRIS,

       Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Randy Chris Garza, an inmate at the Danbury Federal Correctional Institution in Danbury, Connecticut, filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2241.[1] The petition challenges

---

[1] Although Petitioner is no longer in custody in this District, "[v]enue is determined as of the date in which the action was filed," *Louwers v. Knight-Ridder Newspapers, Inc.*, 570 F. Supp. 1211, 1212 (E.D. Mich. 1983), and Petitioner was incarcerated at the federal prison in Milan, Michigan when he filed his petition. Milan lies within the geographical confines of the Eastern District of Michigan. Thus, this Court has jurisdiction to adjudicate Petitioner's claim. *See* 28 U.S.C. § 2241(a) (stating that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions"); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) (explaining that "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody," and that, "[r]ead

Petitioner's sentence for a federal drug offense on the basis that he was improperly sentenced as a career offender. For the reasons given below, the Court will deny the petition.

## I.  Background

On April 5, 2011, Petitioner pleaded guilty in the United States District Court for the Southern District of Texas to possession with intent to distribute 82.48 grams of cocaine. *See* 21 U.S.C. § 841(a)(1). As part of the plea agreement, Petitioner waived his right to appeal his conviction and sentence and the right to contest his conviction or sentence in any post-conviction proceeding. *See* Mem. of Plea Agreement, ¶ 7, *United States v. Garza*, No. 2:11-cr-117-1 (S.D. Tex. April 5, 2011) (Document 27).

During the sentencing phase, Petitioner was designated a career offender under the United States Sentencing Guidelines, because he was at least eighteen years old when he committed the current offense, his current offense was a felony involving a controlled substance, and he had two prior felony convictions for either a crime of violence or a crime involving a controlled substance. *See* Mem. Op. and Order Denying Mot. to Vacate, Set Aside, or Correct Sentence and Denying a Certificate of Appealability, pp. 3-4, *Garza*, No. 2:11-cr-117-1 (Document 84),

---

literally, the language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian").

2017 WL 932933, at *2. Petitioner's prior convictions included a federal conviction for use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) and a state conviction for possession of a controlled substance with intent to deliver. *Id.*, Mem. Op. and Order, p. 4, 2017 WL 932933, at *2.

The sentencing guidelines were scored at 151 to 188 months. The trial court, however, sentenced Petitioner to a term of 120 months (ten years) in prison. *See* Judgment in a Criminal Case, p. 2, *Garza*, No. 2:11-cr-117-1 (Document 40); *see also* 6/23/11 Sentencing/Revocation Hr'g Tr., pp. 4, 9-10, *Garza*, No. 2:11-cr-117-1 (Document 76).

Petitioner did not appeal his conviction and sentence, but on June 21, 2016, he challenged his sentence in a motion filed under 28 U.S.C. § 2255. *See* Mot. for Relief under § 2255, *Garza*, No. 11-cr-117-1 (Document 72). He argued that the residual clause of the career-offender provision in the Sentencing Guidelines was unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), and therefore, he was entitled to a new sentence. The sentencing court denied Petitioner's motion because the motion was time-barred and the underlying claim lacked substantive merit. *See* Mem. Op. and Order, pp. 2-5, *Garza*, No. 2:11-cr-117-1 (Document 84), 2017 WL 932933, at *1-*2.

Petitioner did not appeal the trial court's decision. Instead, on June 29, 2017, he filed his habeas corpus petition in this District. He contends that he is entitled to habeas corpus relief under the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). In *Hinkle*, the Fifth Circuit determined that a federal inmate's prior conviction for the delivery of heroin could not serve as a predicate offense for the career-offender provision of the United States Sentencing Guidelines because the prior conviction was not a "controlled substance offense" under the Guidelines. Accordingly, the Fifth Circuit vacated the petitioner's sentence and remanded his case for re-sentencing.

Petitioner argues that the Texas statute which he violated mimics the Texas statute at issue in *Hinkle* and, therefore, his Texas conviction should not have been used to classify him as a career offender and enhance his federal sentence. The Government maintains that Petitioner waived the right to collaterally attack his sentence, that his claim is procedurally defaulted because he could have raised it in his § 2255 motion, and that Petitioner may not challenge his federal sentence in a petition under 28 U.S.C. § 2241.

## II. Discussion

### A. Waiver

As noted above, Petitioner waived his "right to contest his . . . conviction or sentence by means of any post-conviction proceeding." Mem. of Plea Agreement,

4

¶ 7, *Garza*, No. 2:11-cr-00117-1 (Document 27). "It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable." *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)), *cert. denied*, 139 S. Ct. 1291 (2019). Moreover, the transcript of Petitioner's plea proceeding indicates that his plea was informed and voluntary. His waiver of the right to contest his sentence, therefore, bars relief in this collateral proceeding. Subsequent developments in the law did "not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature." *Id.* at 440 (quoting *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)). For this reason alone, the Court need not address the merits of Petitioner's claim.

### B. Using Section 2241 to Challenge a Federal Sentence

Petitioner's § 2241 petition must be denied for an additional reason: the primary mechanism for challenging the legality of a federal sentence is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The Court of Appeals for the Sixth Circuit affirmed this principle in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), stating that "[a] challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." *Id.* at 594. A federal prisoner's challenge to his convictions or the imposition of a

sentence must be filed in the sentencing court under 28 U.S.C. § 2255, whereas claims challenging the execution or manner in which a sentence is served must be filed under 28 U.S.C. § 2241 in the court having jurisdiction over the prisoner's custodian. *Charles v. Chandler*, 180 F.3d 753,755-56 (6th Cir. 1999).

Petitioner is challenging the length of his federal sentence, as opposed to the execution or manner in which he is serving his sentence. As such, the proper remedy for his sentencing claim is a motion to vacate, set aside, or correct his sentence under § 2255 in the sentencing court.

### 1. The "Savings Clause"

A prisoner may challenge his federal conviction or sentence in a petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The prisoner, however, carries the burden of establishing that this "savings clause" applies to his petition, and "'[t]he circumstances in which § 2255 is inadequate and ineffective are narrow.' " *Hill*, 836 F.3d at 594 (quoting *Peterman*, 249 F.3d at 461). The remedy under "§ 2255 is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion." *Id*. (citing *Charles*, 180 F.3d at 756). Thus, § 2255 is not an inadequate or ineffective remedy simply because Petitioner has already filed an unsuccessful motion under § 2255.

## 2. The Exception for Actual Innocence

A prisoner may invoke the savings clause of § 2255(e) and challenge the legality of his detention under § 2241 by showing that he is actually innocent. *Id*. (citing *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)); *see also Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) (stating that "[t]he savings clause may only be applied when the petitioner makes a claim of actual innocence"). But the Supreme Court has said "that 'actual innocence' means factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623 (1998), and Petitioner is not claiming to be actually innocent of his crime of conviction. He accepted responsibility for his crime and admitted guilt at his plea proceeding. Therefore, the actual-innocence exception to the rule barring the use of § 2241 to challenge a federal conviction or sentence does not apply here.

## 3. The *Hill v. Masters* Exception

In *Hill*, the Sixth Circuit considered another basis for testing the legality of detention using the savings clause of § 2255. The Sixth Circuit held that federal prisoners may invoke the savings clause to challenge the misapplication of a sentence enhancement. *See Hill*, 836 F.3d at 598-99. But the Sixth Circuit limited its decision to a "narrow subset" of petitions under § 2241. *Id*. at 599. The prisoner must show that: (1) he or she was "sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005);" (2) he or she

is "foreclosed from filing a successive petition under § 2255;" and (3) "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Id*. at 599-600.

Although Petitioner may be foreclosed from filing another motion under § 2255, he was sentenced in 2011, which was *after* the Supreme Court issued its decision in *Booker*. He has not satisfied the first requirement under *Hill* for challenging his sentence under § 2241.

Petitioner also has not satisfied the third requirement (a subsequent, retroactive change in statutory interpretation by the Supreme Court). He relies in part on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), but *Mathis* "has not been declared retroactive by the Supreme Court." *In Re Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017). Petitioner's reliance on *Hinkle* also does not work because *Hinkle* is a court of appeals decision, not a Supreme Court decision. Thus, the third condition for satisfying the requirements of § 2255's savings clause under *Hill* is not present in this case.

### III. Conclusion

Petitioner waived his right to challenge his sentence in a collateral proceeding, and he has failed to carry his burden of showing that § 2255 is an

inadequate or ineffective remedy for challenging his federal sentence. The Court, therefore, **DENIES** the petition for a writ of habeas corpus.

Petitioner is not required to apply for a certificate of appealability if he appeals this decision, because "the statutory language imposing the certificate-of-appealability requirement clearly does not extend to cases where . . . detention arose out of federal process but the proceeding is not under § 2255." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). The Court denies leave to proceed *in forma pauperis* on appeal because an appeal would lack merit and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

                                                                       s/Arthur J. Tarnow
                                                                       ARTHUR J. TARNOW
Dated: May 30, 2019                     SENIOR UNITED STATES DISTRICT JUDGE